UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN RAY EATON,

    Plaintiff,

v.                                                                             Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,         Case No. 1:20-cv-486

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## Procedural Posture

Plaintiff filed an application for DIB on February 19, 2017, alleging that he became disabled as of August 8, 2014, due to fibromyalgia; chronic neck pain; severe recurring major depressive disorder; damaged ligaments in neck from constant subluxations; cervical nerve

damage; insomnia; cluster headaches; constant headaches; inability to ride in a car; very low limit of physical activity; anxiety disorder; social problems; damage to anterior ligament; widening of disc space at C5-C6; bulging disc at C3; restless leg syndrome; numbness/tingling in the arms and elbow; vertigo with nausea; attention deficit disorder; possible Asperger's syndrome; and obsessive compulsive disorder. (PageID.129–30, 209.) Plaintiff was 33 years old at his alleged onset date. He graduated from high school and had previously worked as a mold repairer, industrial truck operator, and dock supervisor. (PageID.75; 244.) Plaintiff requested a hearing before an administrative law judge (ALJ) after his application was denied.

ALJ Mikel Lupisella held a hearing on November 8, 2018, at which Plaintiff and Richard Riedl, an impartial vocational expert, testified. (PageID.85–127. ) ALJ Lupisella issued a written decision on March 7, 2019, finding that Plaintiff was not disabled prior to his date last insured, December 31, 2018. (PageID.66–78.) On March 31, 2020, the Appeals Counsel denied Plaintiff's request for review (PageID.48–50), making ALJ Lupisella's March 7, 2019 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on June 1, 2020.

### Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2018. (PageID.68.) After finding that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 8, 2014, the ALJ found that Plaintiff suffered from the following severe impairments: (1) fibromyalgia/chronic pain syndrome; (2)

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing his past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

degenerative disc disease; (3) adjustment disorder; (4) depressive disorder; and (5) anxiety disorder. (PageID.68.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered Listings 1.04 (disorders of the spine), 12.04 (depressive, bipolar, and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). (PageID.69–71.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) through his date last insured, except:

> [He] cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can only occasionally reach overhead with the bilateral upper extremities; can frequently, but not constantly, handle and finger with the bilateral upper extremities; can have no exposure to vibration, such as vibratory tools or machinery; can have no exposure to hazards, such as unprotected heights or dangerous, moving machinery; and is limited to simple and routine tasks performed in a work environment free of fast-paced production requirements (i.e. no work on an assembly line), involving only simple, work-related decisions, and routine work place changes.

(PageID.71.)

At step four, the ALJ determined that Plaintiff did not retain the RFC to perform any of his past relevant work. (PageID.75–76.) At step five, however, based on testimony from the vocational expert, the ALJ found that Plaintiff could perform the occupations of cashier II, housekeeping/cleaner, and office helper, 2,380,000 of which existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.76–77.) In addition, the ALJ found that Plaintiff could perform sedentary-level occupations of inspector, sorter, and addresser, 258,000 of which existed in the national economy. (PageID.77.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r*

*of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises two issues in his appeal: (1) the ALJ's mental RFC is unsupported by substantial evidence because the ALJ had no evidentiary basis for the mental limitations given in the RFC and should have developed the record further given Plaintiff's clear pain and mental anguish; and (2) the ALJ's physical RFC is unsupported by substantial evidence because the ALJ played doctor with regard to manipulative, reaching, and postural limitations.

### I.     Mental RFC

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

In setting forth the basis for his RFC determination, the ALJ evaluated and assigned little weight to the opinion of State agency consultant Ron Marshall, Ph.D. (PageID.74.) Dr. Marshall opined that plaintiff was only mildly limited in each of the four paragraph B areas of functioning

and therefore assessed no mental limitation. (PageID.74, 136.) The ALJ found that the opinion failed to "provide for the full extent of the claimant's mental limitations in concentrating, persisting, or maintaining pace and adapting or managing oneself." (PageID.74.) The ALJ determined that the medical record supported a higher degree of mental limitation and that Dr. Marshall's opinion was internally inconsistent because he found Plaintiff's depression and anxiety to be severe impairments but failed to include corresponding mental limitations. (*Id.*) Accordingly, the ALJ limited Plaintiff to "simple and routine tasks performed in a work environment free of fast-paced production requirements (i.e. no work on an assembly line) involving only simple, work-related decisions, and routine work place changes." (PageID.71.)

Plaintiff contends that the ALJ's rejection of Dr. Marshall's opinion left his mental RFC determination "unsupported by any evidence in the record," because the ALJ made the determination without the benefit of any mental health opinion evidence. (ECF No. 22 at PageID.786.) Plaintiff asserts that, given the substantial evidence in the record that pain significantly affected his mental functioning, "the ALJ was not qualified to guess at Plaintiff's mental limitations" (*Id.* at PageID.788), and thus overstepped his bounds by imposing his own limitations. Plaintiff contends that remand is thus warranted to allow the ALJ to order a consultative examination or to recontact a treating provider. (*Id.* at 790.)

Defendant responds that the ALJ properly complied with Social Security Administration regulations in making his RFC determination by carefully considering all of the relevant medical and nonmedical evidence in the record and determining appropriate mental limitations. (ECF No. 23 at PageID.799–800.) Defendant further asserts that the evidence the ALJ cited was substantial, amply supported his mental RFC finding, and shows that the ALJ did not "guess at" Plaintiff's mental limitations, as Plaintiff contends. (*Id.* at PageID.803.) Finally, Defendant

7

argues that the ALJ properly determined that the record was adequate to decide Plaintiff's claim and that no further development was necessary. (*Id.* at PageID.803–04.)

As noted, a claimant's RFC is an administrative determination reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . , the final responsibility for deciding these issues is reserved to the Commissioner."). In spite of Plaintiff's contention that the lack of a mental health opinion renders the mental RFC finding defective, he cites no authority supporting such proposition. In *Davis v. Commissioner of Social Security*, No. 2:18-CV-10228, 2019 WL 2051899 (E.D. Mich. Feb. 19, 2019), *report and recommendation adopted*, 2019 WL 1324239 (E.D. Mich. Mar. 25, 2019), the court rejected precisely the same argument under similar circumstances. There, after discounting the opinions of both the State agency physician and the plaintiff's treating physician, the ALJ determined the plaintiff's RFC without the benefit of a medical opinion. The court observed that the "[p]laintiff's argument that the ALJ erred because he 'did not rely on any physician's opinion in formulating his RFC' has been squarely rejected by the Sixth Circuit." *Id.* at *6 (citing, among others, *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.") (citing *Shepard*, 705 F. App'x at 442-43 (rejecting the argument that "the ALJ's RFC lacks substantial evidence because no physician opined that [the claimant] was capable of light work"))); *see also Colbert v. Comm'r of Soc. Sec.*, No. 2:15-cv-13467, 2017 WL 1214187, at *7 (E.D. Mich. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 1018149 (E.D. Mich. Mar. 16, 2017) (rejecting the plaintiff's argument that the record was "devoid" of medical opinions upon which

the ALJ could have based his RFC determination because the plaintiff bore the burden to provide evidence showing a more restrictive RFC).

This is not a situation, as Plaintiff suggests, in which the ALJ "played doctor" by interpreting raw medical data or rendering a medical judgment he was not qualified to make. *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the determination."); *Reed v. Sec'y of Health & Human Servs.*, 804 F. Supp. 914, 919 (E.D. Mich. 1992) ("Many courts note that the ALJ is not qualified to evaluate medical data or to express medical opinions."). Instead, the ALJ permissibly considered the evidence in the record, including Plaintiff's hearing testimony, self-reported symptoms, examination findings, medications, treatment history, daily activities, and opinion evidence, and determined appropriate mental limitations. (PageID.73-74.) *See* SSR 96-8p, 1996 WL 374184, at *5 (detailing evidence that an ALJ considers in determining a claimant's RFC). For example, the ALJ noted that, by and large, mental status examinations reported mild or normal findings, but on occasion, reported abnormal findings relating to plaintiff's impairments, including anxiety, depression, and memory impairments. (PageID.73.) The ALJ also noted that, on occasion, Plaintiff denied symptoms of anxiety, depression, and memory impairments during examinations. (PageID.73, 461, 468, 491.) The ALJ specifically noted that the mental RFC limitations were intended to address these abnormal findings. (PageID.74.)

Regarding Plaintiff's argument that the ALJ should have further developed the record, whether additional evidence is necessary to decide a claim for disability benefits is a matter committed to the ALJ's discretion. *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). In considering a claim, the Commissioner may purchase and ask the claimant to attend a medical or

psychological consultative examination. 20 C.F.R. §§ 404.1512(b)(2), 404.1519a, 404.1529(b); *see also* 20 C.F.R. § 404.1520b(c) (an ALJ may recontact a medical source where the evidence is incomplete or inconsistent). An ALJ may order a consultative examination if the necessary information cannot be obtained from the claimant's medical source or "when the evidence as a whole is insufficient" to allow the ALJ to decide the claim. 20 C.F.R. § 404.1519a(b). In *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211 (6th Cir. 1986), the court observed that the claimant bears the burden of garnering an adequate record for a disability determination and that "the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Id.* at 214.

Plaintiff fails to show that the ALJ abused his discretion in not seeking additional evidence, as nothing indicated that the record was incomplete or insufficient for the ALJ to decide Plaintiff's claim. The record consisted of treatment records from Plaintiff's providers covering the entire period in question, as well as opinions from State agency consultants and Plaintiff's treating provider, Heather Nolan, FNP-BC. An ALJ does not have a "special duty to develop the record" where, as here, the claimant is represented by counsel. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013). Moreover, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5 (1987). When asked about the record at the hearing, Plaintiff's counsel did not seek to offer additional evidence or express concern that the record was incomplete with regard to mental health opinion evidence. (PageID.89, 90–91.) *See Davis*, 2019 WL 2051899, at *8 ("Here, Plaintiff, who was represented by counsel, did not seek a

mental health examination at any point prior to or after the hearing, or otherwise give any indication that more evidence was needed before the hearing.").

Accordingly, this argument lacks merit.

## II. Manipulative, Reaching, and Postural Limitations

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ based Plaintiff's manipulative and postural limitations on insufficient record support. State agency consultant Robert Nelson, M.D., opined that plaintiff could perform light work, but could never climb ladders, ropes, or scaffolds, could only occasionally crouch and crawl, and should avoid all exposure to hazards. (PageID.138–39.) The ALJ assigned this opinion only "partial weight" because it failed to provide limitations on balancing, stooping, kneeling, climbing ramps and stairs, and did not address Plaintiff's manipulative limitations and limitations on exposure to vibration. (PageID.74.) The ALJ noted that the examination findings and Plaintiff's subjective statements warranted a higher degree of limitation. (*Id.*) Accordingly, the ALJ incorporated limitations on climbing ramps and stairs and limited Plaintiff to only occasional reaching with the upper bilateral extremities; frequent, but not constant, handling and fingering with the bilateral upper extremities; and no exposure to vibration. (PageID.71.)

Plaintiff contends that the ALJ failed to provide a "logical bridge" as to how he determined the reaching and manipulative limitations, and thus merely "guessed at" them. (ECF No. 22 at PageID.791.) Contrary to Plaintiff's argument, the ALJ pointed to abnormal examination "findings showing tenderness to palpation, decreased range of motion, pain with range of motion, muscle weakness, and soft tissue discomfort," as well as Plaintiff's subjective statements regarding reaching and vibration, as factors that exacerbated his impairments and supported greater limitations than Dr. Nelson had opined. (PageID.74.)

As set forth above regarding Plaintiff's mental RFC, however, the ALJ's RFC determination was not required to correspond to a particular medical opinion, and the absence of a medical opinion does not render the RFC finding invalid. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (stating that "to require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." (internal quotation marks omitted)). As noted in *Tucker v. Commissioner of Social Security*, 775 F. App'x 220 (6th Cir. 2019), the Sixth Circuit has "[n]o bright-line rule . . . directing that medical opinions must be the building blocks of the residual functional capacity finding;" rather, "the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *Id.* at 226. That is precisely what the ALJ did here. The ALJ considered the various pieces of evidence in the record, including Plaintiff's reported symptoms, his hearing testimony, objective examination findings, diagnostic imaging, treatment history, and his daily activities, and concluded that Plaintiff's statements concerning the effects of his symptoms were not entirely consistent with the medical and other evidence in the record. (PageID.72–73.) *See* SSR 16-3p, 2017 WL 5180304, at *7–8 (Oct. 25, 2017). Even so, the ALJ found that Plaintiff was more limited than Dr. Nelson had opined—a finding supported by substantial evidence and free of error. *See Taylor v. Berryhill*, No. 3:17-CV-433, 2019 WL 1261124, at *4 (W.D. Ky. Mar. 19, 2019) ("When the ALJ's rejection of a medical opinion *benefits* the claimant's case, it does not constitute error.").

In sum, the ALJ did not "guess at" Plaintiff's limitations and did not "play doctor" in formulating Plaintiff's RFC. At most, Plaintiff's argument merely presents an alternative view of

12

the evidence that *might have* required a more restrictive RFC, but this is not the appropriate test. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (a court may not reverse the Commissioner's decision where it merely disagrees or because substantial evidence in the record would also support a different conclusion). Accordingly, this claim of error lacks merit.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is **affirmed**.

An order consistent with this opinion will enter.

Dated: January 12, 2022                     /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge